**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF  
JOSE L. LINARES  
JUDGE

MARTIN LUTHER KING JR.  
FEDERAL BUILDING & U.S. COURTHOUSE  
50 WALNUT ST., ROOM 5054  
P.O. Box 999  
Newark, NJ 07101-0999  
973-645-6042

**NOT FOR PUBLICATION**

**LETTER OPINION**

September 22, 2008

<u>VIA ELECTRONIC FILING</u>

Mitchell J. Makowicz, Jr.
Blume, Goldfaden, Berkowitz, Donnelly, Fried & Forte, P.C.
One Main Street
Chatham, NJ 07928

Jordan M. Anger
United States Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102

     Re:   **Mark Brownstein & Claire Brownstein v. United States**
            **Civil Action: 07-3200 (JLL)**

Dear Counsel:

     This matter comes before the Court on Defendant's, United States', motion to dismiss Plaintiffs', Mark and Claire Brownstein's, complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiffs claim that Defendant violated the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 et seq. ("FTCA"), due to the negligent conduct of United States Postal Service ("USPS") employees. The motion is unopposed.[1] The Court has reviewed the relevant submissions and renders its opinion without oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, Defendant's motion is GRANTED.

**I. Factual and Procedural History**

     Plaintiff Mark Brownstein alleges that on December 23, 2004, he tripped and fell on a ramp at the Hoboken Post Office. He claims that his fall was due to the negligence of the USPS,

---

[1] Although Plaintiffs requested and were granted an extension of time to file an opposition to this motion, they failed to do so.

an agency of the United States, in maintaining the ramp.  He seeks damages for injuries he alleges were caused by the fall.  Plaintiff Claire Brownstein claims that, because of the alleged injuries to Mr. Brownstein, she "has been and will be deprived of his support, society, companionship, love, solace, consortium, services and more and has been compelled to and did expend various sums of money and sustained loss of various income as a result of the . . . negligence of the defendant."  Compl. Second Count ¶ 3.

Mr. Brownstein submitted a Notice of Claim for Injury (Standard Form 95) with the USPS on July 10, 2006.  His claim was denied on December 20, 2006.  Ms. Brownstein has not filed a claim with the USPS and was not mentioned in Mr. Brownstein's Notice of Claim.  Mr. and Ms. Brownstein filed the complaint in this case on July 11, 2007.

The United States has moved to dismiss the complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6) and for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1).  However, both grounds for dismissal are based solely on the assertion that the claims are barred under the FTCA because the statute of limitations for each claim has expired, depriving this Court of jurisdiction to hear the claim.  Therefore, this Court reviews both of Plaintiffs' claims under Rule 12(b)(1).  See Medina v. City of Phila., No. 05-2908, 2007 U.S. App. LEXIS 217, at **4 (3d Cir. 2007).

**II. Standard of Review**

Under Federal Rules of Civil Procedure 12(b)(1), a court may dismiss a complaint for lack of subject matter jurisdiction, and the burden of establishing the existence of subject matter jurisdiction is on Plaintiff, see Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1984).  In reviewing a Rule 12(b)(1) motion, the court may treat the challenge "as either a facial or factual challenge to the court's subject matter jurisdiction."  Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).  A facial attack limits the court's review to the complaint and the exhibits attached to the complaint, whereas a factual attack allows the court to "consider evidence outside the pleadings."  Id.

The United States appears to present a factual attack with respect to both claims by providing support for that approach and then referencing additional documents that it attached to its motion that were not included in Plaintiffs' complaint.  Because Plaintiffs' complaint is ambiguous with respect to certain facts necessary for determining jurisdiction (discussed below), the Court will treat the attack as factual and will consider Mr. Brownstein's Notice of Claim and the USPS's letter denying that claim provided by Defendant.

**III. Legal Discussion**

The United States, as a sovereign entity, "is immune from suit except as it consents to be sued[,] and . . . the terms of its consent to be sued in any court define the court's jurisdiction to entertain the action."  Rosario v. Am. Exp.-Isbrandtsen Lines, Inc., 531 F.2d 1227, 1230-31 (3d

2

Cir. 1976).  Under the limited immunity waiver of the FTCA, any claim must "first [be] presented . . . to the appropriate Federal agency," 28 U.S.C. § 2675(a), giving the agency an opportunity to assess the claim before an action is brought in court, and the time requirements of § 2401(b) must be met.  Under §2401(b), presentment must be made in writing "within two years after [the] claim accrues," and if the claim is denied, any court action must be "begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented."  Because of the limited nature of the FTCA immunity waiver, these requirements are jurisdictional, and the time requirements are to be strictly construed.  Medina, 2007 U.S. App. LEXIS 217, at **5, **7; see also United States v. Kubrick, 444 U.S. 111, 117-18 (1979).

      A.     *Mark Brownstein's Claim*

The complaint states that "Plaintiff timely filed a Notice of Claim."  It does not specify which Plaintiff.  However, the claims asserted by Mr. Brownstein in the First Count are consistent with the claims made on the Notice of Claim filed on Mr. Brownstein's behalf and denied by the USPS on December 20, 2006.  Therefore, the Court finds that Mr. Brownstein timely presented his claim to the USPS under § 2675(a).  However, because he commenced his suit on July 11, 2007, not within six months of the denial of his claim, this Court is without jurisdiction to hear his claim under § 2401(b).

      B.     *Claire Brownstein's Claim*

None of the submissions demonstrate that Ms. Brownstein filed a Notice of Claim for her alleged injuries.  Given that the alleged injury accrued on December 23, 2004, the date of Mr. Brownstein's alleged fall, this Court is without jurisdiction to hear her claim under §§ 2675(a) and 2401(b) due to her failure to present her claim to the USPS within the required two year time period.

Even if the Court were to consider the presentment requirement met through the filing of the Notice of Claim by Mr. Brownstein, which under the facts of this case it does not do,[2] Ms. Brownstein's claim would be barred under § 2401(b) for the same reason Mr. Brownsteins' claim is barred, failure to file suit within six months of the denial of the claim.

---

[2] A review of the Notice of Claim submitted on behalf of Mr. Brownstein does not mention Ms. Brownstein or her injuries.  Although her alleged injuries flow from those of Mr. Brownstein, her claims are separate and distinct claims, requiring the filing of an administrative claim for those specific injuries.  See Ferguson v. United States, 793 F. Supp. 107, 110 (E.D. Pa. 1992); Neely v. Kossove, 487 A.2d 788, (N.J. Super Ct. Law Div. 1984) (finding, under New Jersey law, that a wife's loss of consortium claim was separate and distinct from her husband's claims).

**IV.     Conclusion**

     Based on the reasons set forth above, this Court lacks subject matter jurisdiction over the claims asserted in the complaint, and, therefore, Defendants' motion to dismiss is GRANTED.

     An appropriate Order accompanies this Letter Opinion.

                                      Sincerely,

                                      /s/ Jose L. Linares
                                      JOSE L. LINARES
                                      UNITED STATES DISTRICT JUDGE